

LAWRENCE BREWSTER, Regional Solicitor
BRUCE L. BROWN, WSBA #18844
Associate Regional Solicitor
brown.bruce.l@dol.gov
JEREMIAH MILLER, WSBA #40949
Trial Attorney
miller.jeremiah@dol.gov
U.S. Department of Labor, Office of the Solicitor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
Phone (206) 553-0940
Fax (206) 553-2768
Attorneys for Plaintiff Hilda L. Solis

FILED'09 JUL 28 10:49 USDC-ORP

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br>Plaintiff,<br><br>v.<br><br>VELOCITY EXPRESS, INC., a corporation,<br>Defendant. | CASE NO. CV'09-864--MO<br><br>**COMPLAINT**<br><br>**(VIOLATIONS OF FAIR LABOR STANDARDS ACT)** |

I

Plaintiff Hilda L. Solis, Secretary of Labor, brings this action pursuant to Section 17 of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §§ 201-19, ("FLSA" or "the Act"), to enjoin Defendants from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Act. Plaintiff also and separately brings this action, (1) pursuant to Section 16(c) of the Act for the

recovery of a Judgment against Defendants for unpaid overtime compensation due Defendants' employees employed as delivery drivers and liquidated damages in an amount equal thereto, or, in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due; and (2) pursuant to Section 17 of the Act, for recovery of a Judgment restraining Defendants from withholding payment of unpaid overtime compensation due Defendants' employees (listed in Exhibit A).

II

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

III

Defendant VELOCITY EXPRESS, INC. is a Delaware corporation, with a primary place of business located at 1 Morningside Drive N, Building B, Suite 300, Westport, Connecticut 06880; and places of business at various locations in Oregon, including, but not limited to, 2330 NW 31st Avenue, Portland, Oregon, 97210, within the jurisdiction of this Court, where it is engaged in the business of package delivery.

IV

At all times relevant to this Complaint, Defendant has employed and is employing, employees in and about their aforesaid place of business in ordering, receiving, preparing, storing and handling goods and materials which have been transported, shipped, or delivered from points outside the State of Oregon; in preparing, transmitting, mailing, or receiving transmissions, reports, letters, correspondence, billings, or remittances to and from points outside the State of Oregon and in using the facilities of commerce. Said employees, by reason of their activities as aforesaid, were and are engaged in commerce within the meaning of the Act.

V

At all times relevant to this Complaint, Defendant employed and is employing, employees in and about their aforesaid places of business in handling, preparing or otherwise working on equipment and other goods or materials which have been transported, shipped or

delivered to places within the State of Oregon from places outside thereof and were produced for commerce.

VI

At all times relevant to this Complaint, Defendant had employees engaged in commerce or in the production of goods for commerce, including employees handling, preparing or otherwise working on equipment and other goods or materials which have been transported, shipped or delivered in or produced for commerce, as aforesaid. Said Defendant at all times relevant to this Complaint has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of sales taxes at the retail level stated separated), and as such is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

VII

Defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207, 215(a)(2), by employing many of its employees engaged in commerce for workweeks longer than forty (40) hours since July 27, 2007, without compensating said employees for their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

VIII

Defendants repeatedly have violated and are violating the provisions of Sections 11 and 15(a)(5) of the Act, 29 U.S.C. §§ 211, 215(a)(5), in that since July 27, 2007, they have failed to make, keep and preserve records of many of their employees and of the wages, hours and other conditions and practices of employment maintained by it, as prescribed by the regulations duly promulgated under said Section 11(c) at 29 C.F.R. Part 516, in that the records kept by Defendants failed to show the hours actually worked each workday and each workweek, the basis upon which wages are paid, and the total straight time and overtime earnings for each workweek, with respect to many of its current and former employees.

IX

Defendant has violated or is violating the monetary provisions of the Act, as alleged in paragraph VII above, and as a result, Defendant is liable for unpaid overtime compensation and an equal amount in liquidated damages under Section 16(c) of the Act. 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1)    For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the provisions of Section 15(a)(2) and 15(a)(5) of the Act; and

(2)    For an Order:

(a)    pursuant to Section 16(c) of the Act finding Defendant liable for unpaid overtime compensation found by the Court to be due Defendant's employees, or, in the event liquidated damages are not awarded,

(b)    pursuant to Section 17 enjoining and restraining Defendant, its officers, agents, servants, employees, and all persons acting in their behalf and interest from withholding payment of unpaid overtime compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

(3)    For an Order awarding Plaintiff the costs of this action; and

(4)    For an Order granting such other and further relief as may be necessary and appropriate.

Dated:  July 27, 2009

                                        CAROL A. DE DEO
                                        Deputy Solicitor for National Operations

                                        LAWRENCE BREWSTER
                                        Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

JEREMIAH MILLER
Trial Attorney

By:  _____
JEREMIAH MILLER, WSBA #40949

Attorneys for Petitioner Hilda L. Solis,
Secretary of Labor
United States Department of Labor
Office of the Solicitor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
Phone (206) 553-0940
Fax (206) 553-2768
E-mail: miller.jeremiah@dol.gov

# EXHIBIT A

**EMPLOYEE**

Barton, Jerold

Davies, Bruce

Everette, Sonya

Grace, Eric

Graham, Darrell

Hall, Mike

Kangas, Richard

Lundquist, Larry

Lyons, William

Martinez, Lionel

Morrison, Ron

Mummery, Bruce

Needham, Lisa

Olifevovskaya, Vera.

Rose, Adam

Scherer, Don

Sergent, Joe

Wilson, Behring