UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**HILDA L. SOLIS,**
**Secretary of Labor,**

                      Plaintiff,

    v.

**VELOCITY EXPRESS, INC.,**
**JEFFREY HENDRICKSON,**
**and VINCENT WASIK.**

                      Defendants.

CV-09-864-MO

OPINION AND ORDER

**MOSMAN, J.,**

      This matter comes before the Court on defendants' Motion for Protective Order (#28) to prevent depositions of defendants Jeffrey Hendrickson and Vincent Wasik from taking place in Seattle, Washington. Mr. Hendrickson lives in Fairfield, Connecticut and Mr. Wasik lives in Westport, Connecticut. Plaintiff's claim against Mr. Hendrickson and Mr. Wasik arises from alleged conduct by these defendants while they worked as C-level executives for defendant Velocity Express, Inc., which is headquartered in Westport, Connecticut.[1]

      Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue

---

[1] Mr. Hendrickson no longer works for Velocity; Mr. Wasik now holds a non-executive Chairman position with the company.

an order to protect a party or person from annoyance, embarrassment, oppresion, or undue burden or expense." Absent "peculiar circumstances," there is a presumption that deposition of corporate officers should take place at the corporation's principal place of business. *See, e.g., Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005). "This presumption is based on the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum." *Tailift USA, Inc. v. Tailift Co., Ltd.*, No. 03-CV-0196-M, 2004 WL 722244, at *1 (N.D. Tex. Mar. 26, 2004). Although a court may modify this general rule when justice requires, *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005), I do not find reason to depart from the general rule under these circumstances. Although Seattle is a more convenient forum for both plaintiff's and defendants' counsel, this convenience is outweighed by the hardship defendants will experience if they are required to travel across the country. (*See* Wasik Decl. (#31).) Accordingly, I GRANT defendants' Motion for Protective Order (#28).

IT IS SO ORDERED.

DATED this   15th   day of March, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court