LAWRENCE BREWSTER, Regional Solicitor
BRUCE L. BROWN, WSBA #18844
Associate Regional Solicitor
brown.bruce.l@dol.gov
JEREMIAH MILLER, WSBA #40949
Trial Attorney
miller.jeremiah@dol.gov
U.S. Department of Labor, Office of the Solicitor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
Phone (206) 553-0940
Fax (206) 553-2768
Attorneys for Plaintiff Hilda L. Solis

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>VELOCITY EXPRESS, INC., a corporation; JEFFREY HENDRICKSON, an individual; VINCENT WASIK, an individual,<br>　　　　Defendants. | CASE NO. CV-09-864-MO<br><br>**PLAINTIFF'S SURREPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**PLAINTIFF'S SURREPLY TO DEFENDANTS' REPLY**

## I. Introduction

In Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment ("Reply"), Defendants raise evidentiary challenges to Plaintiff's evidence. *See* Dkt. No. 65. Defendants incorrectly assert that Plaintiff's transcript evidence is not properly authenticated and that declarations made by delivery drivers attached as exhibits to Plaintiff's Response to Defendants' Motion for Summary Judgment ("Response") are inadmissible on a variety of grounds. None of these arguments suffice to exclude Plaintiff's proffered evidence. Therefore, Plaintiff submits the following surreply pursuant to Local Rules ("LR") 56-1(g) and 7.

## II. Authority

**A)** <u>**Evidence for Summary Judgment**</u>

Summary judgment is to be predicated on "the pleadings, the discovery and disclosure materials on file, and any affidavits" submitted. Fed. R. Civ. P. 56(c)(2). As a general matter, only admissible evidence may be considered in granting or denying a motion for summary judgment. *See* <u>Hollingsworth Solderless Terminal Co v. Turley</u>, 622 F.2d 1324, 1335 n.9 (9th Cir. 1980); *but see* <u>Fraser v. Goodale</u>, 342 F.3d 1032, 1036 (9th Cir. 2003), *cert. denied sub nom.* <u>U.S. Bancorp v. Fraser</u>, 541 U.S. 937 (2004) ("[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents").

With respect to declarations, Federal Rule of Civil Procedure 56(e) provides that affidavits[1] used to support a motion for summary judgment must "be made on personal

---

[1] Declarations made pursuant to 28 U.S.C. § 1746 are interchangeable with "affidavits" for the purposes of Rule 56(e). *See* 28 U.S.C. § 1746; *see also* <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764, 774 n.9 (9th Cir. 2002).

knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). These requirements can be met by inference based on the contents of the declaration. <u>Barthelemy v. Air Lines Pilots Ass'n</u>, 897 F.2d 999, 1018 (9th Cir.1990) ("personal knowledge and competence to testify are reasonably inferred from [the declarants'] positions and the nature of [the declarants'] participation in the matters to which they swore").

Generally, evidentiary matters at the summary judgment stage are controlled by the Federal Rules of Evidence ("FRE"). *See* Fed. R. Evid. 101 ("[t]hese rules govern proceedings in the courts of the United States…"). Under the FREs, objections to evidence must be specific; that is, the objecting party must give sufficient explanation of the objection so that the court and the proponent of the evidence understand the basis and can act accordingly. *See* <u>Jerden v. Amstutz</u>, 430 F.3d 1231, 1236 (9th Cir. 2005) (quoting <u>United States v. Gomez-Norena</u>, 908 F.2d 497, 500 (9th Cir.1990)); *see also* Advisory Committee Note to Fed. R. Evid. 103(a).

**B)** **Authentication**

Under the FREs, a "condition precedent" to the admissibility of document is "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a); *see also* <u>Orr</u>, 285 F.3d at 773. FRE 901(b) lists several methods of authentication, "[b]y way of illustration only, and not by way of limitation…." Fed. R.. Evid. 901(b). Among those illustrative methods of authentication, the FREs list "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." Fed. R. Evid. 901(b)(4).

**C)** **Relevance**

As the FREs are liberally interpreted, evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is admissible. *See* Fed. R. Evid. 401, 402; *see also* Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 588 (1993). Relevant evidence must be weighed against the danger of unfair prejudice, confusion of the issues or the fact finder, or the wasting of resources. Fed. R. Evid. 403.

**D)**     **Hearsay**

Under the FREs, "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court…." Fed. R. Evid. 802. Hearsay is defined as an out-of-court statement, by one other than the declarant, offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c).

Certain categories of out-of-court statements, offered for the truth of the matter asserted, are, by definition, not hearsay. *See* Fed. R. Civ. P. 801(d). Particularly, "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" offered against a party is not hearsay. Fed. R. Civ. P. 801(d)(2)(D); *see also* Lambert v. Ackerly, 103 F.3d 997, 1009 n. 12 (9th Cir. 1999) *cert. denied* 528 U.S. 1116 (2000).

Even if evidence submitted in support of a motion for summary judgment contains some elements of hearsay, that evidence may still be considered in evaluating motion if it "could be presented in admissible form at trial." Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 846 (9th Cir. 2004) (quoting Fraser, 342 F.3d at 1037).

### III.  Analysis

**A)**     **Authentication of Transcript Excerpts**

Initially, it should be noted that Defendants' challenge to the authenticity of Plaintiff's submitted deposition transcript excerpts is disingenuous. Defendants imply that the deposition transcript excerpts are not, in fact, the transcripts of the deponents identified in the transcript. *See* Dkt. No. 65, p. 10. However, counsel for Defendants attended each and every deposition cited by Plaintiff. *See* Declaration of Jeremiah Miller ¶¶ 3-6 ("Miller Decl."); *see also* Dkt. Nos. 45-6, 60-2, 60-4, 60-5 (excerpts from the depositions of Velocity Express, Inc. ("Velocity") by James Lindvall, Nicole Dent, Chad Mace, and Velocity by Kay Durbin indicating the presence of counsel for Defendants and counsel for Plaintiff). This challenge pointlessly consumes court resources.

Nonetheless, Defendants' argument fails on its own terms. Defendants rely on Chao v. Westside Drywall, Inc., 2010 WL 1727288 (D. Or., April 28, 2010) for the proposition that, to be properly authenticated, an excerpt from a deposition transcript must include: the name of the deponent; the title of the action; and the reporter's certification that the deposition is a true record of the deponent's testimony. The Westside Drywall court drew on the authority of Orr v. Bank of America, NT & SA to support its formulation of this requirement. Westside Drywall, Inc., 2010 WL 1727288 at *6. However, the Orr court did not so restrict the authentication of deposition transcripts; rather it held that one way to authenticate a deposition transcript is for the transcript to "identif[y] the names of the deponent and the action and include[] the reporter's certification that the deposition is a true record of the testimony of the deponent." Orr, 285 F.3d at 774. In fact, in excluding several deposition transcript excerpts, the court concluded: (1) that the transcripts were not authenticated by the attorney's declaration that it was true and correct copy because he lacked "personal knowledge of … [the] deposition[;]" and (2) the transcripts were not authenticated because the deponents' "name[s] [were] not mentioned once in the

deposition extract[s]." Id. (citing Fed. R. Ev. 901(b)(4)).  Had these two conditions been met, the excerpts from the transcripts would have been admissible.  *See* Renteria v. Oyarzun, CV No. 05-392-BR, 2007 WL 1229418, at *2 (D. Or. April 23, 2007) (in the absence of any indication that the excerpts were fraudulent, deposition transcripts lacking the court reporter's certification but including the cover page identifying: (1) the deponent, (2) the action and (3) the time and place of the deposition were authenticated under FRE 901(b)(4)); *see also* Prineville Sawmill Co. v. Longview Fibre Co., CV No. 01-1073-BR, 2002 WL 31974434, at *11 (D.Or. Sept.23, 2002) (in the absence of any indication that the excerpts were fraudulent, deposition excerpts which included a cover page with information about the deponent, action and location and which were attached to a declaration in which counsel attests that the excerpts were true copies of the transcripts provided by the court reporter were sufficiently authenticated under FRE 901(b)(4)).[2]

Here, counsel for Plaintiff *does* have personal knowledge of the depositions of Nicole Dent's, Chad Mace's and Velocity's depositions (through James Lindvall and Kay Durbin).  *See* Miller Decl. ¶¶3-6.[3]  Further, each deposition transcript excerpt submitted by Plaintiff included the name of the deponent, the title of the action, and other internal indicia of authenticity (e.g. questions regarding the deponent's role at Velocity, confirmed by responses to discovery).  *See* Dkt. Nos. 45-6, 59-2, 59-3, 60-2 to 60-7.  Under FRE 901(b)(4) and Orr, this evidence is sufficient to establish that the deposition transcript excerpts submitted by Plaintiff are, in fact, deposition transcript excerpts of the individuals identified by Plaintiff.

---

[2] For a survey of the interpretation of Orr in the District of Oregon, see Kesey, LLC v. Francis, CV No. 06-540-AC, 2009 WL 909530 at *2-*3 (D. Or. April 3, 2009).

[3] Defendants authenticated the transcript of the deposition of Vincent Wasik; such authentication suffices to authenticate the transcript for Plaintiff.  Orr, 285 F.3d at 776; *see also* Dkt. No. 65, p.11, n.2.

Despite the more than adequate evidence authenticating these deposition transcript excerpts, Plaintiff also provides copies of the deposition transcripts' reporter's certification. *See* Certification, Transcript of the Deposition of Nicole Dent, March 10, 2010 (attached as Exhibit 1);[4] Certification, Transcript of the Deposition of Chad Mace, March 9, 2010 (attached as Exhibit 2);[5] Certification, Transcript of the Deposition of Velocity Express, Inc. by Kay Durbin, April 12, 2010 (attached as Exhibit 3);[6] Certification, Transcript of the Deposition of Velocity Express, Inc. by James Lindvall, April 12, 2010 (attached as Exhibit 4).[7]

**B)** **The Declarations are Properly Admissible**

**(1)** **Declarants had 'personal knowledge' of the statements in their declarations**

Defendants incorrectly assert that "a number of statements" lack foundation and are unsupported by evidence that the declarant has personal knowledge of the statements in the declaration. Dkt. No. 65, p. 11. Initially, it should be noted that Defendants do not indicate which declarations or parts of declarations they oppose on this basis. They have therefore failed to make a specific objection upon which this Court could act or which would provide a basis for Plaintiff to cure any alleged defect. *See* Jerden, 430 F.3d at 1236; *see also* Bosse v. Napolitano,

---

[4] This Exhibit corresponds to Exhibit 1 to the Response (see Dkt. No. 60-2) and Exhibit 1 to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (see Dkt. 59-2).

[5] This Exhibit corresponds to Exhibit 4 to the Response (see Dkt. No. 60-4).

[6] This Exhibit corresponds to Exhibit 5 to the Response (see Dkt. No. 60-5).

[7] Defendants improperly seek to have Plaintiff's submission of James Lindvall's deposition transcript excerpts excluded in their Reply. *See* Dkt. No. 65, p. 10. Plaintiff does not rely on any transcript excerpts from Mr. Lindvall in her Response. Rather, Mr. Lindvall's deposition testimony appears as part of Plaintiff's Motion for Summary Judgment. *See* Dkt. Nos. 45, 46. Any challenges to Mr. Lindvall's deposition transcript should have been raised in Defendants' Response to Plaintiff's Motion for Summary Judgment, but no such challenge was made. *See* Dkt. Nos. 62, 64; *see also* LR 56-1(g). However, in the interest of completeness, this Exhibit corresponds to Exhibit 5 to Plaintiff's Concise Statement of Material Facts in support of Plaintiff's Motion for partial Summary Judgment (see Dkt. No. 45-6).

337 Fed. Appx. 633, 636 (9th Cir. 2009) ("'we decline to pick through the [declarations]' in search of a theory of inadmissability 'not articulated to us'") (quoting <u>Indep. Towers of Wash. v. Washington</u>, 350 F.3d 925, 930 (9th Cir.2003)).

Nonetheless, Defendants are mistaken that there is no evidence of the declarants' personal knowledge of the statements in their declarations. Each declaration includes an attestation that the statements in the declaration are "true to the best of [the declarant's] knowledge." *See* Dkt. No. 60-4 (Declaration of Bruce Mummery ("Barton Decl." attached to Plaintiff's Response to Defendants Concise Statement of Material Facts ("Response to Material Facts") as Exhibit 3); Dkt. No. 60-6 (Declaration of Adam Rose, ("Rose Decl.," attached to Response to Material Facts as Exhibit 8), Declaration of Darrell Graham, ("Graham Decl.," attached to Response to Material Facts as Exhibit 10), Declaration of Jerold Barton ("Barton Decl.," attached to Response to Material Facts as Exhibit 11).

Defendants have admitted that each declarant performed services for Velocity. *See* Dkt. No. 58, pp.2-3 (Proposed Pretrial Order). Additionally, each declaration includes a statement by the declarant that he worked for Velocity at times relevant to the Complaint. *See* Dkt. Nos. 60-4, 60-6. At a minimum, personal knowledge can be inferred from the contents of the declarations themselves. *See* <u>Barthelemy</u>, 897 F.2d at 1018. Thus, there can be no serious contention that the declarants did not have personal knowledge of their working conditions.[8]

### (2)    The disputed declarations do not include inadmissible hearsay

---

[8] Defendants also suggest that the Mr. Mummery, Mr. Rose, Mr. Graham and Mr. Barton were reporting mere 'rumors, conclusory allegations or subjective beliefs' in their assertions regarding the terms and conditions of their employment. Dkt. No. 65, p. 12. Again, it strains credulity to suggest that Plaintiff's declarants did not know the requirements of their positions with Defendants.

As with the nebulous objection to the personal knowledge of the declarants, Defendants fail to make a specific objection to the declarations based on hearsay. *See* Jerden, 430 F.3d at 1236. Without an actual assertion that a particular statement or declaration as a whole is hearsay, there is nothing for the Court to act on, and no way for Plaintiff to cure any defect in the evidence. *See* Stuart Park Associates Ltd. Partnership v. Ameritech Pension Trust, 51 F.3d 1319, 1328 (7th Cir. 1995) (where party made "conclusory allegations" that documentary evidence contained "extensive hearsay" the party's objections were "not sufficiently particularized" to permit the court to act).

Defendants purport to cite 'examples' of hearsay within certain declarations. *See* Dkt. No. 65, pp. 11-12. None of the statements cited by Defendants' constitute hearsay. Mr. Barton's declaration that "two drivers that I know were not paid because they could not afford the insurance" is not hearsay. Barton Decl. ¶14. Rather, it is an assertion by the declarant concerning matters within his personal knowledge. *See* Fonseca, 374 F.3d at 846; *see also* Schneider v. TRW, Inc., 938 F.2d 986, 1001-1002 (9th Cir. 1991) (O'Scannlain, J. dissenting) (deposition testimony that is "first-hand, personal observations of the deponents themselves" is not hearsay). Even if the quoted language was not a personal observation of Mr. Barton, it is not offered into evidence to prove any element of Plaintiff's Response; thus it is not offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 802.

Defendants also erroneously cite the assertion of Mr. Graham that he "was simply expected to sign the renewal contract" as hearsay. Graham Decl. ¶2. As with Mr. Barton's assertion above, Mr. Graham's statements are statements about which he has personal, first hand knowledge. Reading the rest of Mr. Graham's statement, it is apparent that Velocity expected him to sign the extension without bargaining. Id. Defendants' hearsay objection to other

statements in Mr. Barton's declaration (e.g. "I was told I was being hired for a specified route" (Dkt. No. 65, p. 13)), are similarly flawed; they too are statements about Mr. Barton's personal, first hand experiences while working for Defendants.

Finally, even if the declarants *had* reported the out-of-court statements of Velocity's agents, those statements would still be admissible as the statements of a party's agent made within the scope of that agency.  *See* Lambert, 103 F.3d at 1009 n. 12.

In any event, any issue with regard to whom informed the declarants of the requirements for the job could be resolved at trial.  Given that the declarants' testimony could establish that the any third party statements were attributable to Defendants' agents and so not hearsay, the evidence would be admissible at trial and so should properly be considered by this Court.  *See* Fonesca, 374 F.3d at 846 ("[e]ven the declarations that do contain hearsay are admissible for summary judgment purposes because they could be presented in an admissible form at trial").

### (3) The declarations should not be excluded for vagueness

Defendants attempt to characterize the declarations as vague, either because they do not identify which agent of Velocity communicated job requirements to the driver, or because they do not specify the exact date on which requirements were imposed.  *See* Dkt. No. 65, pp. 12-13. It is unclear whether Defendants believe that the alleged vagueness of the declarations is sufficient to exclude them as evidence, or if Defendants believe that the alleged vagueness goes only to the weight of the declarations.  In either case, Defendants objections are not sufficient to exclude the evidence from consideration by this Court.

If Defendants seek to exclude the declarations for vagueness, the Court should deny that request.  Defendants cite no rule or precedent that would support excluding a declaration for "vagueness."  If Defendants mean to imply that the declarations are irrelevant, they have not

made their case.  Defendants do not (and cannot) seriously contend that the declarations of former delivery drivers who, Defendants admit, performed work for Velocity during times relevant to the Complaint have no probative value; or that their probative value would be outweighed as described in FRE 403.

Additionally, Defendants' characterization of the declarations as vague is simply incorrect.  In each case, the declarant states that he worked for Velocity (giving an approximate time period) and then explains the details of his working conditions.  Defendants apparently believe that the only way to evaluate the evidence of the drivers' status is by cross-examining the declarants (see Dkt. No. 65, pp. 12-13).  Plaintiff agrees that the evidence for the status of the delivery drivers would be best resolved by a full trial on the merits, rather than on Defendants' motion for summary judgment.

## IV.  Conclusion

Plaintiff respectfully submits that the above supports her opposition to Defendants' evidentiary challenges to Plaintiff's Response to Defendants' Motion for Summary Judgment.  Defendants' claim that the excerpts from the deposition transcripts of Mr. Mace, Ms. Dent, Mr. Lindvall and Mr. Durbin are not properly authenticated is simply incorrect.  Even if Defendants' challenge to the authenticity of the transcript had some merit, Plaintiff has attached the signed reporter's certificate for each deposition transcript curing whatever defect Defendants believe exists.  Similarly, Defendants' attempt to characterize Plaintiff's submitted declarations as inadmissible is ineffective.  Each declaration establishes that the declarant worked for Velocity (a fact already admitted by Defendants in the Proposed Pretrial Order) and thus had personal knowledge of the terms and conditions of their work.  Each declaration describes those terms and conditions in sufficient detail to defeat Defendants' Motion for Summary Judgment.  Defendants

raise a number of spurious and unformed hearsay and vagueness objections to this evidence, none of which should survive even a cursory review. This Court should admit and consider all evidence proffered by Plaintiff in support of her Response.

Dated: June 21, 2010

                M. PATRICIA SMITH
                Solicitor of Labor
                LAWRENCE BREWSTER
                Regional Solicitor
                BRUCE L. BROWN
                Associate Regional Solicitor
                JEREMIAH MILLER
                Trial Attorney

By:   s/ Jeremiah Miller
      JEREMIAH MILLER, WSBA #40949
Attorneys for Plaintiff Hilda L. Solis
Secretary of Labor
United States Department of Labor
Office of the Solicitor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
P. (206) 553-0940; F. (206) 553-2768
Email: miller.jeremiah@dol.gov