LAWRENCE BREWSTER, Regional Solicitor
BRUCE L. BROWN, WSBA #18844
Associate Regional Solicitor
brown.bruce.l@dol.gov
JEREMIAH MILLER, WSBA #40949
Trial Attorney
miller.jeremiah@dol.gov
U.S. Department of Labor, Office of the Solicitor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
Phone (206) 553-0940
Fax (206) 553-2768
Attorneys for Plaintiff Hilda L. Solis

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br>    Plaintiff,<br><br>v.<br><br>VELOCITY EXPRESS, INC., a corporation,<br>    Defendant. | CASE NO. CV-09-864-MO<br><br>**PLAINTTIF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR STAFF MEDIATION** |

## I. Background

On October 26, 2009, this Court granted the parties joint motion for an extension of discovery and pretrial scheduling. Dkt. No. 8. Pursuant to that extension, discovery closed in this matter on April 15, 2010. Id. The parties filed motions for summary judgment, and this Court ruled on those motions on July 26, 2010 and August 17, 2010. Dkt. Nos. 72, 74. As a result of those rulings, the action was dismissed with respect to Defendants Jeffrey Hendrickson and Vincent Wasik, leaving Defendant Velocity Express, Inc. as the sole remaining Defendant. Dkt. No. 73.

On October 5, 2010, Plaintiff offered to resolve this matter. Declaration of Jeremiah Miller ("Miller Decl.) ¶ 12. To date, Plaintiff has received no response to this offer. Miller Decl. ¶ 13. On October 13, 2010, counsel for Plaintiff, Jeremiah Miller, sent a joint status report to counsel for Defendant, Nancy W. Anderson, seeking consent in filing that document in response to the Court's Order. Miller Decl. ¶ 14; Dkt. No. 79. Ultimately, Ms. Anderson consented to the filing, and Mr. Miller submitted the joint status report on October 15, 2010. Dkt. No. 81. On October 29, 2010, November 16, 2010, and December 1, 2010, Mr. Miller contacted Ms. Anderson to discuss the status of this matter. Miller Decl. ¶¶ 15-17. During conversations on November 16, 2010 and December 1, 2010, Ms. Anderson indicated that her client had not taken a position on Plaintiff's proposal. Miller Decl. ¶¶ 16-17. On December 10, 2010, Mr. Miller sent Ms. Anderson a draft of a Joint Status Report and Joint Motion for Staff Mediation. Miller Decl. ¶18.

By email on December 15, 2010, Ms. Anderson indicated that Defendant did not believe that mediation could be ordered in this case, and that the proceedings should be stayed pursuant to the automatic stay in the bankruptcy code. Miller Decl. ¶20; Dkt. No. 83. As discussed below, Plaintiff believes that this Court has the authority to order mediation in this case, by virtue of the District of Oregon's Local Rules ("LR") and the police or regulatory powers exception to the automatic stay. The parties filed a Joint Status Report on the same day, informing this Court that the parties had reached an impasse. Dkt. No. 83.

## II. Analysis

### A. The Court has the authority to order mediation

Pursuant to LR 16-4, "[t]he Court on its own motion, or upon the motion or request of a party, may refer any civil case to mediation." LR 16-4(e)(2)(a). Such authority vitiates "the strong judicial policy that favors settlements of disputes," Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 939 (9th Cir.2007) (internal quotation marks omitted) (quoting Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992)). Here, Plaintiff believes that mediation could result in the resolution of this matter with minimal further expenditure of resources by the parties or this Court.

### B. The bankruptcy status of Velocity Express, Inc. does not preclude ordering mediation

Defendant has suggested that this Court is prevented from ordering mediation in this case because Velocity Express, Inc. has declared bankruptcy in the District of Delaware. Dkt. No. 83.[1] Defendant is mistaken; the automatic stay provided for in the Bankruptcy Code simply does not apply to Plaintiff's action.

The Bankruptcy Code provides for the automatic stay of the "commencement or continuation… of a judicial… proceeding against the debtor that was … commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title…." 11 U.S.C. § 362(a)(1).[2] However, Congress created several exceptions to this automatic stay, including "the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such governmental unit's ... police and regulatory power, including enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such

---

[1] Plaintiff notes that, though Defendant has referred to the automatic stay since the inception of this action, Defendant has not chosen to argue that the stay applies to any aspect of this action until now. *See* Miller Decl. ¶4 (discussions regarding the automatic stay in October, 2009); *see also* Dkt. No. 18 (Amended Answer). Defendant ultimately consented to this Court ruling on a motion to compel discovery and motions for summary judgment that covered Velocity Express, Inc. *See* Dkt. Nos. 22-27, 48-56, 72, 74. Thus, Defendant's attempt to raise the automatic stay as such a late stage in these proceedings is untimely.

[2] Plaintiff acknowledges that this provision would prevent Plaintiff from collecting on a monetary award without resorting to the bankruptcy proceedings for Velocity Express, Inc. *See* Martin v. Chambers, 154 B.R. 664, 667 (E.D.Va.1992).

governmental unit's ... *police or regulatory power*." 11 U.S.C. § 362(b)(4) (emphasis supplied). As the Supreme Court explained, "where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, *or attempting to fix damages for violation of such a law*, the action or proceeding is not stayed under the automatic stay." Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot., 474 U.S. 494, 503 (1986) (quoting H. Rep. No. 95-959, at 343, reprinted in 1978 U.S.C.C.A.N. 5787, 6299)) (emphasis supplied). District Courts are the appropriate forum to determine the applicability of the 11 U.S.C. § 362(b)(4) exception. Lockyer v. Mirant Corp., 398 F.3d 1098, 1107 (9th Cir. 2005).

The plain language of 11 U.S.C. § 362(b)(4) excepts Plaintiff's action from the stay in this case. Regulatory actions by a governmental unit are not subject to the stay. To regulate is "to direct by rule or restriction." Black's Law Dictionary 1286 (6th ed. 1990). This case involves violations of "rule[s] or restriction[s]" set out by statute and regulation, namely the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and associated regulations at 29 C.F.R. 510-794. In addition, Congress enacted the FLSA through its power to "[t]o *regulate* Commerce . . . among the several States." U.S. CONST. art. 1, § 8 (emphasis supplied); *see also* 29 U.S.C. § 202(b). Any enforcement action by the Secretary of Labor under this law is, by definition, an exercise of governmental regulatory power. *See* Brock v. Rusco Industries, 842 F.2d 270, 273 (11th Cir. 1988) *cert. denied* 488 U.S. 889 (1988) ("[t]he Secretary brought the suit [under the FLSA] to protect legitimate businesses from unfair competition and to enforce the federal law regarding minimum wage. [The Secretary's] suit is exempted from the automatic stay provision"); *see also* Donovan v. Timbers of Woodstock Restaurant, 19 B.R. 629, 630 (N.D. Ill 1981) ("[t]his Court finds FLSA enforcement proceedings plainly constitute an exercise of 'police or regulatory power' and are therefore within the exception to the automatic stay provision").

Some courts have added an additional gloss, often referred to as two separate analyses: the "pecuniary purpose" and "public policy" tests. *See*, *e.g.*, Universal Life Church, Inc. v. United States, 128 F.3d 1294, 1297 (9th Cir.1997). Under the pecuniary purpose test, if the

government action is *solely* built on a pecuniary interest of the governmental unit, the case is stayed. Id. If, on the other hand, the action bears on public safety or welfare, the action is not subject to the stay. Id. The public policy test excepts government actions that effectuate public policy and stays those that adjudicate entirely private rights. Id. Applying these tests, Courts have held that the stay did not apply to suits seeking to establish federal income tax exemptions, enforcing "federal labor laws" (i.e. the National Labor Relations Act) or enforcing federal employment discrimination laws. Lockyer, 398 F.3d at 1107 (citing Universal Life Church, 128 F.3d at 1297; NLRB v. Twin Cities Electric, 907 F.2d 108, 109 (9th Cir. 1990); EEOC v. Hall's Motor Transit Co., 789 F.2d 1011 (3rd Cir.1986)).

These two tests have been explicitly held to permit actions by the Secretary of Labor under the FLSA despite the automatic stay. *See* Chao v. BDK Industries, LLC, 296 B.R. 165, 166-70 (C.D.Ill. 2003) (action by Secretary under Sections 6, 7, 11, 15(a)(2) and 15(a)(5) exempt from automatic stay under two pronged pecuniary interest/public policy test); *see also* Chambers, 154 B.R. at 667 (same); Martin v. Safety Electric Construction Company, Inc., 151 B.R. 637, 639 (D.Conn. 1993) (same); Chao v. Mike & Charlie's Inc., 2006 WL 18467 *2-*3 (S.D. Tex. 2006) (same).

Here, either test indicates that Plaintiff's action is exempt from the stay. The Ninth Circuit has recognized that the purpose of the FLSA's injunctive, minimum wage, and overtime provisions is to vindicate a public rather than a private rights. Marshall v. Chala Enterprises, Inc., 645 F.2d 799, 802-804 (9th Cir. 1981). Even though it may be that funds from the employer could pass to the government in the event that a named employee could not be found, those payments are "simply a part of a reasonable and effective means which Congress, after trial and error, found it necessary to adopt to bring about general compliance with § 15(a)(2)" of the FLSA. Wirtz v. Jones, 340 F.2d 901, 904 (5th Cir. 1965). As the court in BDK Industries summarized, "the request to enjoin defendant from further violations of the Federal Labor Standards Act and the requests for unpaid wages and liquidated damages are simply a method of enforcing the policies underlying FLSA." BDK Industries, LLC, 296 B.R. at 639.

### III.  Conclusion

Pursuant to LR 16-4, this Court has the authority to order mediation of the remaining claims in this case.  Plaintiff acknowledges that the automatic stay provision would prevent Plaintiff from collecting on a monetary award outside the context of the bankruptcy, but believes that the police or regulatory powers exception to the automatic stay authorizes this Court to order mediation as means of helping resolve issues of liability for damages and liquidation of those damages.  Plaintiff therefore respectfully submits that the above supports her request for referral of this matter to mediation by the Court's Staff Mediator.

Dated:  December 31, 2010

       M. PATRICIA SMITH
       Solicitor of Labor

       LAWRENCE BREWSTER
       Regional Solicitor

       BRUCE L. BROWN
       Associate Regional Solicitor

       JEREMIAH MILLER
       Trial Attorney

By:   s/ Jeremiah Miller
       JEREMIAH MILLER, WSBA #40949

Attorneys for Plaintiff Hilda L. Solis
Secretary of Labor
United States Department of Labor
Office of the Solicitor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
Phone (206) 553-0940
Fax (206) 553-2768
E-mail: miller.jeremiah@dol.gov