LAWRENCE BREWSTER, Regional Solicitor
BRUCE L. BROWN, WSBA #18844
Associate Regional Solicitor
brown.bruce.l@dol.gov
JEREMIAH MILLER, WSBA #40949
Trial Attorney
miller.jeremiah@dol.gov
U.S. Department of Labor, Office of the Solicitor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
Phone (206) 553-0940
Fax (206) 553-2768
Attorneys for Plaintiff Hilda L. Solis

FILED 02 AUG '11 10:24 USDC-ORP

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

HILDA L. SOLIS, SECRETARY OF
LABOR, UNITED STATES
DEPARTMENT OF LABOR,
    Plaintiff,

        v.

VELOCITY EXPRESS, INC., a
corporation[1]

CASE NO. CV-09-864-MO

**CONSENT JUDGMENT**

---

[1] This case was originally captioned "Hilda L. Solis, Secretary of Labor, United States
Department of Labor v. Velocity Express, Inc.; Jeffrey Hendrickson; Vincent Wasik." *See* Dkt.
No. 3. On July 26, 2010, the Court granted summary judgment in favor of Defendants Jeffrey
Hendrickson and Vincent Wasik as a matter of law. Dkt. No. 72. On July 30, 2010, this Court
issued a "Judgment as to Defendants Jeffrey Hendrickson and Vincent Wasik only." Dkt. No.
73. In that Judgment, the Court dismissed the action with prejudice as to Defendants Jeffrey
Hendrickson and Vincent Wasik. Id.

Plaintiff has filed her Complaint, Defendant Velocity Express, Inc. ("Defendant") has appeared, filing an Answer, and, without Defendant admitting the truth of the allegations in Plaintiff's Complaint, Plaintiff and Defendant have agreed to the entry of this Order and Judgment without contest. Defendant agrees to entry of this Order and Judgment without admitting liability by Defendant, its directors, officers, employees, agents, any successor entities, or purchasers of Defendant's assets, and solely for purposes of stipulating to a sum and liquidating the amount of alleged debt claimed by Plaintiff so that Plaintiff may proceed with her proof of claim filed against Defendant in Bankruptcy Court for the District of Delaware in the matter of:

**VEC Liquidating Corporation, Debtor**
**Case no. 09-13294-MFW**

It is, therefore, upon motion of the Parties:

**I**

**ORDERED**, that the amount of the stipulated sum for alleged gross overtime backwages for purposes of Plaintiff's proof of claim against Defendant Velocity Express, Inc. in the Matter of VEC Liquidating Corporation, Debtor, Cause No. 09-12394-MFW, is **$121,632.22** , plus an equal amount in alleged liquidated damages, as listed and allocated in the attached Exhibit A.

Of the total stipulated sum, **$20,261.38** represents alleged overtime backwages earned within 180 days prior to Defendant Velocity Express, Inc. filing for bankruptcy. Those wages are apportioned as indicated in the attached Exhibit B. Exhibit B does not include an amount for liquidated damages, which are not entitled to priority status.

Of the total stipulated sum, **$7,952.38** represents alleged overtime backwages earned between Defendant Velocity Express, Inc.'s filing of bankruptcy and the sale of substantially all of Defendant's assets. Those wages are apportioned as indicated in the attached Exhibit C.

Exhibit C does not include an amount for liquidated damages, which are not entitled to priority status.

Plaintiff acknowledges that any payment pursuant to this Consent Judgment is dependent upon authorization of and approval by, and will be made in a manner prescribed by, the Bankruptcy Court for the District of Delaware in the matter of

**VEC Liquidating Corporation, Debtor**
**Case no. 09-13294-MFW**

Any monies due under this Order which have not been negotiated by the appropriate employees within 100 days of issuance (due to Defendants' inability to locate said employee, to the employee's failure to negotiate the check within 90 days of issuance or for any other reason) shall be combined and issued in certified check form, payable to the U. S. Department of Labor. The check shall be in the net amount accompanied by a list of the employees for whom the check represents back wage payment, their Social Security Numbers and the legal deductions made from the gross amounts due. The check shall be mailed to:

**U.S. Department of Labor**
**Wage Hour Division**
**620 SW Main St., Rm 423**
**Portland, OR  97205**

Plaintiff shall distribute the monies paid by Defendant Velocity Express, Inc. under this Judgment to the employees identified in Exhibit A or their estates if that is necessary. Any money not so paid within three years because of inability to locate said employees or because of their refusal to accept said proceeds shall be deposited forthwith with the Treasury of the United States pursuant to 28 U. S.C. § 2041.

## II

**IT IS FURTHER ORDERED** that the rights of any of Defendant Velocity Express,

Inc.'s employees or ex-employees not specifically mentioned in Exhibit A to this Judgment, to back wages under the Act, are neither affected nor extinguished by this Judgment and neither party to the action intends or contemplates that the Judgment entered in this action will affect such rights if any.

### III

**IT IS FURTHER ORDERED that nothing in this Consent Judgment shall be construed as adjudicating any rights or liabilities of Defendant, any alleged successor to Defendant or any purchaser of Defendant Velocity Express's assets that were purchased in the proceeding VEC Liquidating Corporation, Debtor, Case no. 09-13294-MFW, or any employee or ex-employee of Defendant or of its alleged successor or purchaser of its assets, arising under the Act on or after November 25, 2009.**

### IV

**IT IS FURTHER ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

///
///
///
///
///
///
///
///
///
///
///
///

DATED this _30_ day of _July_ , 2011.


Michael W. Mosman
UNITED STATES DISTRICT JUDGE

Presented by:

**UNITED STATES DEPARTMENT OF
LABOR**

Patricia M. Smith
Solicitor of Labor

Lawrence Brewster
Regional Solicitor

Bruce L. Brown
Associate Regional Solicitor


By _____
Jeremiah Miller,
Attorney
U.S. Dept. of Labor
1111 Third Ave., Suite 945
Seattle, WA 98101

Dated: _7/28/11_

Entry of this Judgment is hereby Consented
to:


_____ as an authorized representative of
Velocity Express, Inc.


Dated: _7/31/11_

CONSENT JUDGMENT                                    PAGE 4 OF 4

**EXHIBIT A**

| EMPLOYEE | BACKWAGES | LIQUIDATED DAMAGES | GROSS AMOUNT DUE | PERIOD COVERED |
|---|---|---|---|---|
| Barton, Jerold | $1,339.31 | $1,339.31 | $2,678.62 | 10/10/07-12/05/07 |
| Bhan, Anil | $3,421.25 | $3,421.25 | $6,842.50 | 4/01/09-11/25/09 |
| Everette, Sonya | $2,143.13 | $2,143.13 | $4,286.26 | 08/08/07-12/05/07 |
| Gonchar, Nadezhda | $2,637.00 | $2,637.00 | $5,274.00 | 08/08/07-1/16/08 |
| Gorbunov, Vasiliy | $2,972.81 | $2,972.81 | $5,945.62 | 08/08/07-1/16/08 |
| Grace, Eric | $2,813.06 | $2,813.06 | $5,626.12 | 08/08/07-02/06/07 |
| Graham, Darrell | $5,259.50 | $5,259.50 | $10,519.00 | 08/08/07-01/07/09 |
| Hall, James | $3,214.69 | $3,214.69 | $6,429.38 | 08/08/07-02/06/08 |
| Harchinskiy, Alexey | $10,557.00 | $10,557.00 | $21,114.00 | 11/07/07-11/25/09 |
| Jones, Joyce | $1,447.56 | $1,447.56 | $2,895.12 | 08/08/07-12/12/07 |
| Kangas, Michael | $6,523.69 | $6,523.69 | $13,047.38 | 08/08/07-3/19/08 |
| Kangas, Richard | $12,867.75 | $12,867.75 | $25,735.50 | 08/01/07-11/25/09 |
| Lundquist, Larry | $8,949.00 | $8,949.00 | $17,898.00 | 08/01/07-11/25/09 |
| Lyons, William | $2,143.00 | $2,143.00 | $4,286.00 | 08/08/07-11/21/07 |
| Martinez, Lionel | $239.25 | $239.25 | $478.50 | 10/17/07-11/07/07 |
| McElroy, Howard | $7,331.25 | $7,331.25 | $14,662.50 | 06/25/08-11/25/09 |
| Morrison, Ron | $10,203.00 | $10,203.00 | $20,406.00 | 08/01/07-11/25/09 |
| Mummery, Bruce | $2,889.19 | $2,889.19 | $5,778.38 | 08/08/07-12/12/07 |
| Needham, Lisa | $1,913.63 | $1,913.63 | $3,827.26 | 08/29/07-11/28/07 |
| Olifevovskaya, Vera | $7,067.50 | $7,067.50 | $14,135.00 | 08/08/07-11/04/09 |
| Pearson, Russell | $391.00 | $391.00 | $782.00 | 08/22/07-09/12/07 |
| Ramos, Harlan | $1,682.70 | $1,682.70 | $3,365.40 | 08/08/07-12/05/07 |

EXHIBIT A TO CONSENT JUDGMENT - PAGE 1

| EMPLOYEE | BACKWAGES | LIQUIDATED DAMAGES | GROSS AMOUNT DUE | PERIOD COVERED |
|---|---|---|---|---|
| Rose, Adam | $1,662.19 | $1,662.19 | $3,324.38 | 08/22/07-11/28/07 |
| Scherer, Don | $13,017.38 | $13,017.38 | $26,034.76 | 08/01/07-11/25/09 |
| Sergent, Joe | $6,974.00 | $6,974.00 | $13,948.00 | 08/08/07-06/03/09 |
| Turchin, Andrey | $684.25 | $684.25 | $1,368.50 | 10/14/09-11/25/09 |
| Wilson, Behring | $1,288.13 | $1,288.13 | $2,576.26 | 9/6/07-11/8/07 |
| | | | | |
| TOTALS: | $121,632.22 | $121,632.22 | $243,264.44 | |

EXHIBIT A TO CONSENT JUDGMENT - PAGE 2

**EXHIBIT B**

| EMPLOYEE | BACKWAGES | GROSS AMOUNT DUE | PERIOD COVERED |
|---|---|---|---|
| Bhan, Anil | $2,443.75 | $2,443.75 | 3/28/09-9/24/09 |
| Harchinskiy, Alexey | $2,541.50 | $2,541.50 | 3/28/09-9/24/09 |
| Kangas, Richard | $2,934.75 | $2,934.75 | 3/28/09-9/24/09 |
| Lundquist, Larry | $2,041.00 | $2,041.00 | 3/28/09-9/24/09 |
| McElroy, Howard | $2,541.50 | $2,541.50 | 3/28/09-9/24/09 |
| Morrison, Ron | $2,327.00 | $2,327.00 | 3/28/09-9/24/09 |
| Olifevovskaya, Vera | $1,670.50 | $1,670.50 | 3/28/09-9/24/09 |
| Scherer, Don | $2,968.88 | $2,968.88 | 3/28/09-9/24/09 |
| Sergent, Joe | $792.50 | $792.50 | 3/28/09-9/24/09 |
| **TOTALS:** | **$20,261.38** | **$20,261.38** | |

## EXHIBIT C

| EMPLOYEE | BACKWAGES | GROSS AMOUNT DUE | PERIOD COVERED |
|---|---|---|---|
| Bhan, Anil | $977.50 | $977.50 | 9/24/09-11/25/09 |
| Harchinskiy, Alexey | $977.50 | $977.50 | 9/24/09-11/25/09 |
| Kangas, Richard | $1,128.75 | $1,128.75 | 9/24/09-11/25/09 |
| Lundquist, Larry | $785.00 | $785.00 | 9/24/09-11/25/09 |
| McElroy, Howard | $977.50 | $977.50 | 9/24/09-11/25/09 |
| Morrison, Ron | $895.00 | $895.00 | 9/24/09-11/25/09 |
| Olifevovskaya, Vera | $385.00 | $385.00 | 9/24/09-11/25/09 |
| Scherer, Don | $1,141.88 | $1,141.88 | 9/24/09-11/25/09 |
| Turchin, Andrey | $684.25 | $684.25 | 10/14/09-11/25/09 |
| **TOTALS:** | **$7,952.38** | **$7,952.38** | |

Exhibit C to Consent Judgment - Page 1